# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **BRADLEY MEREDITH**<br>1102 Westview Street<br>Narrows, Virginia 24124<br><br>And<br><br>**ADAM MEREDITH**<br>405 Cedar Drive<br>Ripplemead, Virginia 24150<br><br>And<br><br>**BETHANY REESE**<br>13082 Hunterbrook Drive<br>Woodbridge, Virginia 22192<br><br>*On Behalf of Themselves and*<br>*All Others Similarly Situated*<br><br>     Plaintiffs,<br><br>v.<br><br>**GOVERNMENT EMPLOYEES**<br>**INSURANCE COMPANY**<br>**d/b/a GEICO**<br>5260 Western Avenue<br>Chevy Chase, Maryland 20815<br><br>Serve:  C T CORPORATION SYSTEM<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060<br>Richmond, Virginia 23219<br><br>     DEFENDANT. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Government Employees Insurance Company d/b/a GEICO ("GEICO" or "Defendant") perpetrated an unlawful payroll policy designed to withhold and deny Plaintiffs Bradley Meredith, Adam Meredith, and Bethany Reese ("Named Plaintiff") and other similarly situated individuals who worked as an Auto Damage Adjuster and/or Residential Adjusters (or substantially similarly job duties under a similar job title) in GEICO's Region 7 (Virginia, North Carolina, and Tennessee) earned compensation and/or overtime wages as required by the Federal Fair Labor Standards Act 29 § U.S.C. 207, *et seq*. ("FLSA"), the Virginia Wage Payment Act Virginia Code § 40.1-29, *et seq*. ("VWPA"), and/or as otherwise contractually and/or equitably guaranteed or owed.

2. This action seeks to recover the unpaid wages and other damages owed to Named Plaintiffs and other similarly situated individuals.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

4. This Court properly confers supplemental jurisdiction over alleged common and interrelated state law and equity claims seeking recovery of unpaid wages and damages.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

6. GEICO is a business entity formed under the laws of the State of Maryland and operating out of a principal office located in Chevy Chase, Maryland.

7. At all times relevant to this action, GEICO operated continuously and substantially as an insurance company, providing insurance related services to businesses and individuals in all counties and jurisdictions of Virginia, North Carolina, and Tennessee.

8. GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9. At all times relevant, GEICO was Named Plaintiffs' employer and the employer of all other similarly situated individuals as defined by the FLSA and applicable state law.

10. Bradley Meredith is an adult resident of Giles County, Virginia. During the period of about July 2018 through the present, Bradley Meredith has been employed by GEICO as a Region 7 Automobile Damage Adjuster, performing substantial and ongoing employment duties for the benefit of GEICO in the Commonwealth of Virginia and if GEICO so required, in North Carolina and Tennessee.

11. Adam Meredith is an adult resident of Giles County, Virginia. During the period of about April 2017 through about October 20, 2020, Adam Meredith was employed by GEICO as a Region 7 Automobile Damage Adjuster, performing substantial and ongoing employment duties in the Commonwealth of Virginia and if GEICO so required, in North Carolina and Tennessee.

12. Bethany Reese is an adult resident of Prince William County, Virginia. During the period of about April 2017 through about July 2019, Bethany Reese was employed by GEICO as a Region 7 Automobile Damage Adjuster, performing substantial and ongoing employment duties in the Commonwealth of Virginia and if GEICO so required, in North Carolina and Tennessee.

13. By acting as the named plaintiffs in this action, each of the Named Plaintiffs, by including his/her name on the caption of this Class and Collective Action Complaint, affirms his/her written consent to participate as a plaintiff in a collective action to seek unpaid wages and damages under the FLSA and to act as class representatives for the Federal Rule 23 class claims alleged herein.

## FACTS

14. During the period July 2018 through about February 2020, Bradley Meredith customarily performed his Region 7 Automobile Damage Adjuster employment duties on the road. During this period, Bradley Meredith customarily commenced his compensable workday at about 6:30 AM, booting up his computer to respond to company emails and client messages and beginning his work-related travel to the furthest GEICO client, generally about two (2) hours away. Bradley Meredith continued to perform compensable work duties (without a non-compensable meal or break period) until his return home at about 4:30 PM – 5:00 PM. Once home, and generally after dinner, Bradley Meredith continued to perform compensable work duties (responding to emails and engaging in client and other work-related phone calls) for an additional thirty minutes to one hour or more each evening.

15. During the period about March 2020 through the present, because of COVID related restrictions, GEICO required Bradley Meredith to perform his work duties remotely from his home. During this period, Bradley Meredith customarily commenced his work duties from about 7:45 AM – 8:00 AM and continued to perform compensable work duties (without a non-compensable meal or break period) until about 5:00 PM – 5:30 PM.

16. Adam Meredith was employed by GEICO as a Region 7 Automobile Damage Adjuster and Resident Adjuster for the period of about April 2017 through about October 20, 2020.

17. During the period of about 2017 through about February 2020, Adam Meredith customarily performed his duties on the road. Adam Meredith customarily commenced his workday at about 7:30 AM, booting up his computer to respond to company emails and client messages and beginning his work-related travel to the furthest GEICO client, generally about two (2) hours away. Adam Meredith continued to perform compensable work duties (without a non-compensable meal or break period) until his return home at about 5:00 PM. Once home, and generally after dinner, Adam Meredith continued to perform compensable work duties (responding to emails and engaging in client and other work-related phone calls) for an additional thirty minutes to one hour or more each evening.

18. During the period about March 2020 through October 20, 2020, because of COVID related restrictions, GEICO required Adam Meredith to perform his work duties remotely from his home. During this period, Adam Meredith customarily commenced his work duties at about 7:30 AM – 8:00 AM and continued to perform compensable work duties (without a non-compensable meal or break period) until about 4:30 PM.

19. Bethany Reese was Employed by GEICO as a Region 7 Automobile Damage Adjuster auto damage adjuster for the period of about April 2017 through about July 26, 2019. While employed, Bethany Reese customarily worked and traveled in Northern Virginia (e.g. Fairfax, Arlington, Alexandria, Loudon, Prince William Counties) from about 7:00 AM until about 7:00 PM, without a non-compensable break period.

20. At the commencement or during the period of their employment, GEICO and entered into a written contract with each Named Plaintiff and each similarly situated individual in which GEICO agreed to pay each Named Plaintiff and each similarly situated individual a set hourly wage rate for all hours worked.

21. Per the terms of their written payment plans and/or employment contracts, GEICO agreed and was otherwise obligated to pay Named Plaintiffs as hourly employees at hourly rates increasing for each of the Named Plaintiffs over the period of their employment, and generally ranging from slightly more than $20.00 per hour to slightly under $30.00 per hour.

22. At no time did Named Plaintiffs or any other similarly situated Region 7 Automobile Damage Adjuster perform work duties making them exempt from the Federal or Virginia time-and-one-half overtime compensation requirement.

23. During the period relevant to this action, GEICO typically and customarily paid Named Plaintiffs and other similarly situated individuals hourly wages for a Monday – Friday work schedule set from 8:00 AM – 4:30 PM; with an automatically deducted 45-minute meal period.

24. At no time did GEICO did not take affirmative good faith steps to track or record the compensable time Named Plaintiffs or other similarly situated individuals worked each day or each week with reasonable accuracy or precision.

25. At all times relevant to this action, GEICO directed Named Plaintiffs and other similarly situated individuals to enter 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Named Plaintiffs and other similarly situated individuals.

26. Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Named Plaintiffs and other similarly situated individuals to customarily enter 7.75 hours of compensable time per day notwithstanding that Named Plaintiffs and other similarly situated individuals regularly and customarily worked more than eight (8) hours per day and, by extension, more than forty (40) hours per week.

27. Through GEICO company-wide policies and business practices, GEICO instructed the supervisors for Named Plaintiffs and other similarly situated individuals to inform Named Plaintiffs and other similarly situated individuals that 7.75 hours per day was sufficient if Named Plaintiffs and other similarly situated individuals were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if Named Plaintiffs or other similarly situated individuals advised supervisors they worked more than eight (8) hours in a day, the additional working hours evinced poor work performance.  Thus, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Named Plaintiffs and other similarly situated employees' career to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and, risk additional negative workplace consequences.

28. At all times relevant to this action, GEICO had actual knowledge employee complaints, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate and that Named Plaintiffs and other similarly situated individuals regularly and customarily worked more than eight (8) hours per day and more than forty (40) hours per week.

29. At all times relevant to this action, GEICO had actual or constructive knowledge and otherwise suffered or permitted Named Plaintiffs and other similarly situated individuals to perform compensable work duties over eight (8) hours per day and more than forty (40) hours per week.

30. On some occasions, GEICO approved Named Plaintiffs and/or other similarly situated individuals compensable work exceeding 7.75 hours per day and/or 40 hours per week. These instances, customarily, occurred when GEICO directed Named Plaintiffs or other similarly situated individuals to service additional GEICO customers. In these instances, GEICO paid Named Plaintiffs and/or other similarly situated individuals for some, but not all compensable hours worked.

31. In instances that GEICO did pay Named Plaintiffs additional compensation for compensable work duties performed over eight (8) hours per day or over forty (40) hours per week, GEICO paid Named Plaintiffs and other similarly situated individuals in the form of "comp time" banked at Named Plaintiffs or other similarly situated individuals' regular hourly rate. This is "comp time" payroll practice is and was unlawful because private employers, such as GEICO, cannot compensate its employees who perform overtime work with compensatory time. Rather, the FLSA and Virginia law requires that if an employee performs compensable overtime work duties over forty (40) hours per week, all compensable overtime work hours must be paid at an hourly rate not less than one and one-half times the employee's regular rate of pay.

32. At all times relevant to this action, GEICO had actual knowledge that it was obligated under the FLSA and Virginia law to track and record Named Plaintiffs and other similarly situated individuals' compensable hours accurately and with precision.

33. At all times relevant to this action, GEICO had actual knowledge that its failure to track and record Named Plaintiffs and other similarly situated individuals' compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and Virginia law record keeping requirements.

34. At all times relevant to this action, GEICO had actual knowledge that it was obligated to pay Named Plaintiffs and other similarly situated individuals all wages due and owing for all hours Named Plaintiffs and other similarly situated individuals worked each week and pay Named Plaintiffs and other similarly situated individuals overtime wages at the time-and-one-half rate for overtime Named Plaintiffs and other similarly situated individuals worked over forty (40) hours each week.

35. At all times relevant to this action, GEICO had actual knowledge that its failure to pay Named Plaintiffs and other similarly situated individuals all wages due and owing for all hours Named Plaintiffs and other similarly situated individuals worked each week and its failure to pay Named Plaintiffs and other similarly situated individuals overtime wages at the time-and-one-half rate for overtime Named Plaintiffs and other similarly situated individuals worked over forty (40) hours each week was in direct violation of GEICO's FLSA, state law, and contractual wage payment obligations.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Named Plaintiffs bring their Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

37. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who work or have worked for GEICO as Region 7 Automobile Adjusters and/or Residential Adjusters performing compensable work duties for GEICO's benefit in

Virginia, North Carolina, and Tennessee at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were (i) paid by GEICO on an hourly basis and (ii) were not paid by GEICO at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

38. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiffs and the Class Plaintiffs.

39. Named Plaintiff requests each be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

### VWPA/BREACH OF CONTRACT/QUANTUM MERUIT CLASS ACTION ALLEGATIONS

40. Named Plaintiffs bring her state law counts for violations of the VWPA and for breach of contract as a class action (in sub-classes for each relevant statute) pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy GEICO's violations of VWPA and failure to pay all wages due and owing pursuant to GEICO's written employment contract and/or compensation plan and/or GEICO's failure to pay full reasonable consideration for all compensable work duties performed for GEICO's benefit.

41. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiffs and the Class Plaintiffs.

42. The Proposed Sub-Classes:

i. The VWPA Sub-Class: All individuals who work or have worked for GEICO as Region 7 Automobile Adjusters and/or Residential Adjusters performing

compensable work duties for GEICO's benefit in Virginia at any time within the three (3) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all wages due and owing for work duties performed in the Commonwealth of Virginia as a result of GEICO's class-wide payroll practice of shaving shift minutes and/or hours worked exceeding 7.75 per shift and/or (iii) who were subject to GEICO's payroll policies and practices denying payment of wages for all hours worked and/or payment of overtime wages at the time-and-one-half rate for overtime worked over forty (40) hours per week

      ii.     The Breach of Contract Sub-Class: All individuals who work or have worked for GEICO as Region 7 Automobile Adjusters and/or Residential Adjusters performing compensable work duties for GEICO's benefit in Virginia, North Carolina, and/or Tennessee at any time within the five (5) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all wages contractually due and owing for work duties performed as a result of GEICO's class-wide payroll practice of shaving shift minutes and/or hours worked exceeding 7.75 per shift and/or (iii) who were subject to GEICO's payroll policies and practices denying payment of wages for all hours worked each week.

      iii.     The Quantum Meruit Sub-Class: All individuals who work or have worked for GEICO as Region 7 Automobile Adjusters and/or Residential Adjusters performing compensable work duties for GEICO's benefit in Virginia, North Carolina, and/or Tennessee at any time within the five (5) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all wages reasonably due and owing for compensable work duties performed for the benefit of GEICO as a result of GEICO's class-wide payroll practice of shaving shift minutes and/or hours worked exceeding 7.75 per shift and/or (iii) who were subject to GEICO's payroll policies and practices denying payment of wages for all hours

worked for GEICO's benefit each week.

43. <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of Class Plaintiffs is unknown to the Named Plaintiffs at this time, upon information and belief, each Sub-Class comprises at least fifty (50) individuals.

44. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that the Named Plaintiffs and all Class Plaintiffs have been harmed by GEICO's common and class-wide payroll practices of (i) shaving compensable work hours exceeding 7.75 hours per shift and/or (ii) denying payment of all wages earned and contractually and/or equitably due and owing for all hours compensable hours worked each week.

45. <u>Typicality</u>: The claims of the Named Plaintiffs are typical of the claims of the Class Plaintiffs and the relief sought by the Named Plaintiffs is typical of the relief which would be sought by each of the Class Members in separate actions.

46. All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

47. GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to the Named Plaintiffs and all Class Plaintiffs similarly.

48. Named Plaintiff and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice

perpetrated by GEICO.

49. <u>Adequacy of Representation</u>: Named Plaintiffs individually and collectively, can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Named Plaintiffs and any of the Class Plaintiffs.

50. Named Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

51. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Plaintiffs is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

52. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for GEICO, and resulting in the impairment of Class Plaintiffs' rights and the disposition of their interests through

actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

53. <u>Public Policy Considerations</u>: GEICO violated Federal and state wage payment laws and contractual wage payment obligations. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide Class Plaintiffs who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## COUNT I
### Violation of the FLSA Overtime Compensation Mandate

54. Named Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

55. Pursuant to the FLSA, employers must pay non-exempt employees such as Named Plaintiffs and the Class Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

56. As set forth above, GEICO failed to pay Named Plaintiffs and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime Named Plaintiffs and the Class Plaintiffs worked over 40 hours per week.

57. GEICO had actual knowledge that its failure to pay Named Plaintiffs and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Named Plaintiffs and the Class Plaintiffs' FLSA overtime compensation rights.

58. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

59. Named Plaintiffs and the Class Plaintiffs seek to recover from GEICO of the following damages:

   a. Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs; and

   d. All other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the VWPA Wage Payment Mandate

60. Named Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

61. Pursuant to the VWPA, employers must pay employees performing work duties in the Commonwealth of Virginia, such as Named Plaintiffs and the Class Plaintiffs, full and timely payment of all wages due and owing for all compensable work duties performed each week.

62. As set forth above, GEICO failed to pay Named Plaintiffs and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Named Plaintiffs and the Class Plaintiffs in the Commonwealth of Virginia.

63. On information and belief, GEICO had actual knowledge that its failure to pay Named Plaintiffs and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work performed in the Commonwealth of Virginia was in direct violation of Named Plaintiffs and the Class Plaintiffs' VWPA compensation rights.

64. The foregoing conduct, as alleged above, constitutes willful violations of the VWPA timely wage payment mandate.

65. Named Plaintiffs and the Class Plaintiffs seek to recover from GEICO the following damages:

   a. Unpaid wages due and owing (including overtime and non-overtime compensation) for compensable work duties performed in weeks Named Plaintiffs and/or the Class Plaintiffs performed compensable work duties in the Commonwealth of Virginia;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs; and

   d. All other legal and equitable relief as the Court deems just and proper.

## COUNT III
### Breach of Contract

66. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

67. Pursuant to the written employment contracts and/or compensation plans entered into between GEICO and each of Named Plaintiff and each of the Class Plaintiffs, GEICO was contractually obligated to pay Named Plaintiffs and each of the Class Plaintiffs all wages due and owing for all compensable work duties performed each week.

68. As set forth above, GEICO failed to pay Named Plaintiffs and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Named Plaintiffs and the Class Plaintiffs as was Named Plaintiffs and the Class Plaintiffs' contractual right and GEICO's contractual duty.

69. Named Plaintiffs and the Class Plaintiffs have each suffered lost compensation

and damages because of GEICO's failure to pay Named Plaintiffs and the Class Plaintiffs all wages and compensation contractually due and owing for worked duties performed by Named Plaintiffs and the Class Plaintiffs.

70. Named Plaintiff and the Class Plaintiffs seek to recover from GEICO the following damages:

    a. Unpaid wages contractually due and owing for compensable work duties performed for GEICO's benefit; and

    b. All other legal, contractual, and/or equitable relief as the Court deems just and proper.

## COUNT IV
## Quantum Meruit

71. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

72. If it is determined the Named Plaintiffs and/or the Class Plaintiffs did not have a binding or valid contract with GEICO regarding the payment of wages due to Named Plaintiffs and the Class Plaintiffs, each Named Plaintiff and each of the Class Plaintiffs, performed compensable work duties for which GEICO was reasonably and equitably obligated to pay Named Plaintiffs and each of the Class Plaintiffs all wages due and owing for all compensable work duties performed each week.

73. As set forth above, GEICO failed to pay Named Plaintiffs and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Named Plaintiffs and the Class Plaintiffs that was reasonably and equitably due and owing to Named Plaintiffs and the Class Plaintiffs' for compensable work duties performed for GEICO's benefit.

74. Named Plaintiffs and the Class Plaintiffs have each suffered lost compensation and damages because of GEICO's failure to pay Named Plaintiffs and the Class Plaintiffs all wages and compensation reasonably and equitably due and owing for worked duties performed for GEICO's benefit.

75. Named Plaintiff and the Class Plaintiffs seek to recover from GEICO the following damages:

a. Unpaid wages reasonably and equitably due and owing for compensable work duties performed for GEICO's benefit; and

b. All other legal, contractual, and/or equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Named Plaintiffs, and all those similarly situated Class Plaintiffs, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiffs as the representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the VWPA, Breach of Contract, and Quantum Meruit sub-classes, and designate Named Plaintiffs as the representatives on behalf of all those similarly situated under the VWPA, Breach of Contract, and Quantum Meruit sub-classes;

3. Award Named Plaintiffs and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Named Plaintiffs and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the FLSA and the VWPA.

4. Award Named Plaintiffs and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

5. Award Named Plaintiffs and all those similarly situated Class Plaintiffs attorneys' fees, costs, and disbursements calculated at *Vienna Metro* Index Rates; and

6. Award Named Plaintiffs and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiffs request a jury trial on all issues so triable.

Dated:  January 29, 2021   Respectfully submitted,

*/s/ Gregg C. Greenberg*_____
Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs and the Class/Collective*